IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00636-WYD-MJW

STEVE ABRAHAMSON, and
APRIL ABRAHAMSON,

Plaintiffs,

v.

SANDOZ, INC.,

Defendant.

---

## ORDER REGARDING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF MEDICAL RECORDS (DOCKET NO. 57)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on Defendant's Motion to Compel Production of Medical Records (docket no. 57). The court has reviewed the motion and response (docket no. 60). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant seeks an order from this court compelling Plaintiff April Abrahamson to provide full and complete responses to Defendant's interrogatory no. 11 and request for production no. 4.

2

Plaintiff April Abrahamson has brought, as outlined in the Complaint, a supplemental state claim for loss of consortium.  See Complaint (docket no. 1), sixth claim for relief for loss of consortium - April Abrahamson, at page 16.  This loss of consortium claim is a state law and Common Law claim which is derivative of the Co-Plaintiff Steve Abrahamson's claims as outlined in the Complaint (docket no. 1); Colorado Compensation Ins. Auth. v. Jorgensen, 992 P.2d 1156, 1164 (Colo. 2000). Based upon the pleadings and correspondence by Plaintiffs, it is clear that Plaintiff April Abrahamson is not seeking compensation for counseling or treatment of a psychological nature.  Moreover, she does not intend on calling any expert witnesses to testify to her mental suffering or loss of enjoyment of life.  See Complaint (docket no. 1) at pages 16 -17 and exhibits 2, E, F, H, and I.

Here, the court finds that the information requested in Defendant's interrogatory no. 11 and request for production no. 4 is not relevant on any of the federal claims as plead in the Complaint (docket no. 1) but only potentially relevant to the supplemental and derivative loss of consortium state claim brought by Plaintiff April Abrahamson. Accordingly, this court finds that state privilege law governs as to Defendant's interrogatory no. 11 and request for production no. 4 pursuant to Motley v. Marathon Oil Co., 71 F.3d 1547, 1551 (10th Cir. 1995) (as to state causes of action, a federal court should look to state law in deciding privilege questions).  In addition, this court finds that Plaintiff April Abrahamson has established that she has a physician-patient privilege pursuant to § 13-90-107(1)(d), C.R.S.,  as to the requested information as outlined in Defendant's interrogatory no. 11 and request for production no. 4.

3

Furthermore, there is no evidence that Plaintiff April Abrahamson has waived such privilege.  The mere fact that Plaintiff April Abrahamson filed a loss of consortium state law and Common Law claim which is derivative of the Co-Plaintiff Steve Abrahamson's claims as outlined in the Complaint (docket no. 1) requesting garden-variety emotional distress damages does not mean that she has waived her physician-patient privilege. Weil v. Dillon Cos., 109 P.3d 127, 128 (Colo. 2005).

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1.   That Defendant's Motion to Compel Production of Medical Records (docket no. 57) is **DENIED**.

2.   That each party shall pay their own attorney fees and costs.

Done this 22nd day of February 2007.

BY THE COURT


s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge