IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00636-WYD-MJW

STEVE ABRAHAMSON and
APRIL ABRAHAMSON,

    Plaintiffs,

v.

SANDOZ, INC.,

    Defendant.

**ORDER**

THIS MATTER is before the Court on Plaintiffs' Motion to Reconsider Court's Order on March 31, 2008 Granting Partial Summary Judgment, filed April 18, 2008, (docket #150) and Defendant's Motion for Reconsideration, filed April 18, 2008 (docket #149).

There are three major grounds that justify reconsideration under Rule 59(e): "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*; *see also Mantle Ranches, Inc. v. U.S. Park Serv.*, 950 F. Supp. 299, 300 (D. Colo. 1997) ("'a motion for reconsideration is not a license for a [party] to get a 'second bite at the apple'" and make legal arguments that

could have been raised before"). Such a motion "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 2995).

In the case at hand, Plaintiffs assert that a court may grant a motion to alter or amend when it is necessary to correct clear error or prevent manifest injustice. Plaintiffs assert that I have misapprehended the facts and the law and have not interpreted the evidence in the light most favorable to the Plaintiffs.

I grant Plaintiffs' motion after considering the issues raised by Plaintiffs' motion to reconsider. The public policy wrongful discharge doctrine is an exception to the general rule that employment contracts are at-will and can be terminated at any time. *Coors Brewing Co. v. Floyd*, 978 P.2d 663, 666 (Colo. 1999). To establish a claim for wrongful discharge under the public policy exception, Plaintiff must prove the following: 1) the employer directed the employee to perform an illegal act as part of the employee's work related duties; 2) the action directed by the employer would violate a statute or clearly expressed public policy; 3) the employee was terminated as a result of refusing to perform the illegal act; and 4) the employer was aware or should have been aware that the employee's refusal was based upon the employee's reasonable belief that the act was illegal. *Id.* at 667.

"The public-policy exception is grounded in the notion that an employer should be prohibited from discharging an employee with impunity for reasons that contravene widely accepted and substantial public policies. *Crawford Rehabilitation Svcs., Inc. v. Weissman*, 938 P.2d 540, 552 (Colo. 1997). "Although public-policy wrongful discharge

is not subject to precise definition, it has been variously described as an action that involves a matter that affects society at large rather than a purely personal or proprietary interest of the plaintiff or employer. . . leads to an outrageous result clearly inconsistent with a stated public policy, . . . or 'strike[s] at the heart of a citizen's social rights, duties, and responsibilities'. . . ." *Id.* (internal citations and quotation omitted). "Statutes by their nature are the most reasonable and common sources for defining public policy." *Rocky Mtn. Hosp. & Med. Serv.*, 916 P.2d 519, 525 (Colo. 1996).

However, in limited circumstances there may be other sources of public policy such as administrative regulations and professional ethical codes. *Id.* (holding that "professional ethical codes may be in certain circumstances a source of public policy." "However, we emphasize that any public policy must serve the public interest and be sufficiently concrete to notify employers and employees of the behavior it requires"). "The determination of whether the public policy asserted is a well defined and fundamental one is an issue of law and is to be made by the trial court." *Id.* (quoting *Brockmeyer v. Dun & Bradstreet*, 113 Wis. 2d 561, 335 N.W.2d 834, 841 (Wis. 1983).

I find that Plaintiff has demonstrated a sufficient public policy interest in protecting the public from unsafe drug manufacturing processes, therefore I find that FDA regulations may sufficiently form the basis of a public policy discharge claim. I also find, viewing the facts in the light most favorable to Plaintiff that there is a genuine issue of material fact as to whether the action directed by Sandoz would violate a statute or clearly expressed public policy; whether the Mr. Abrahamson was terminated as a result of refusing to perform the illegal act; and whether the Sandoz was aware or

should have been aware that the employee's refusal was based upon the employee's reasonable belief that the act was illegal.  Although Plaintiffs' also request that I find that retaliation short of construction discharge is actionable, I decline to do so.  Plaintiff has not cited to authority that supports this request.

As to Defendant's Motion to Reconsider, Sandoz requests that Steve Abrahamson's FMLA claim and April Abrahamson's loss of consortium claim be dismissed based on application of the my legal conclusions in the Summary Judgment Order.  Because I have granted Plaintiffs' Motion to Reconsider, I must deny Defendant's motion.

Based on the foregoing, it is

ORDERED that Plaintiffs' Motion to Reconsider Court's Order on March 31, 2008 Granting Partial Summary Judgment, filed April 18, 2008, (docket #150) is **GRANTED**.  It is

FURTHER ORDERED that Defendant's Motion for Reconsideration, filed April 18, 2008 (docket #149) is **DENIED**.

Dated:  June 13, 2008

                                       BY THE COURT:

                                       s/ Wiley Y. Daniel
                                       Wiley Y. Daniel
                                       U. S. District Judge